DAVID H. SUMNER *v.* EDMUND CUMMINGS AND HARVEY CUMMINGS.

*Effect of repeal of penal statute upon action pending. Costs in such case.*

The repeal of a statute authorizing a penal action, without a saving clause, takes away the right of the plaintiff, in actions pending, brought upon the statute, to recover any judgment; and the suit will be dismissed, upon motion.

But costs will only be allowed to the defendant from the time of filing the motion to dismiss.

The plaintiff declared upon the statute of October 29, 1840, which entitled the owner of lumber, floating down Connecticut River, to recover six times the value against any person, who should prevent such lumber from floating down the river, or should destroy, make use of, or dispose of such lumber, or cut out or deface the marks; and, after reciting the statute, it was alleged, in different counts, that the defendants, with force and arms, had prevented divers pine and spruce logs of the plaintiff from floating down the river, and had destroyed and disposed of and defaced and cut out the marks from other logs of the plaintiff, lying upon the banks of the river, whereby and by force of the statute, an action had accrued to the plaintiff to recover six times the value of such lumber. After a verdict in favor of the plaintiff, and while the action was pending upon review, the statute, upon which the action was founded, was repealed, without any saving clause. And it was held, that the plaintiff could not proceed, as upon a declaration in trespass at common law, but the suit must be dismissed, upon motion of the defendants.

THIS was an action upon the statute of October 29, 1840, which provided a mode of assessing the damages, which should be sustained by the owners of land upon Connecticut River by reason of lumber, put into the river, being carried by the water and lodged upon the land, and not removed by the owners previous to the first day of May in each year, and which provided, that all such lumber, not removed by the first day of November in each year, should become the property of the land owner, and also provided, that if any person should stop any lumber, and confine it in any place in this state, so as to prevent it from floating down the river, which lumber should be marked with any owner's name, or mark, or should destroy, make use of, or dispose of the same, or cut out or deface any mark, otherwise than such as should become forfeit under this statute, he should forfeit and pay to such owner, or owners, six times the value of said lumber, to be recovered in any court proper to try the same, or before any justice of the peace having jurisdiction of the same. The plaintiff declared against the defendants " in an action on a certain statute law of the state of Vermont," and then, after reciting the statute *in hæc verba*, alleged, in different counts, that the defendants, with force and arms, stopped, confined, and prevented from floating down Connecticut River, divers pine and spruce logs, the property of the plaintiff and marked with his mark, which had been previously put into the river by the plaintiff to be floated down the same, and were then floating down the river; and also, with force

and arms, destroyed and disposed of, and cut out and defaced the marks of divers other logs of the plaintiff, marked with his mark, and found lodged and lying on the banks and meadow adjoining the river, and which had been put into the river by the plaintiff to be floated down, and which had not become forfeited, as provided in the statute ; all which acts of the defendants were declared to be contrary to the aforesaid statute; and it was alleged, that thereby and by force of the statute the defendants had become liable to pay to the plaintiff six times the value of the said lumber.

By the statute of November 13, 1849, which came in force January 1, 1850, the statute of October 29, 1840, upon which this action was predicated, was repealed absolutely and without any saving clause. And at May Term, 1850, of the county court, after one trial of the suit and a verdict for the plaintiff and a review entered by the defendants, the defendants filed a motion to dismiss the suit, for the reason that the statute, upon which it was founded, had been so repealed. The cause was then continued, upon motion of the plaintiff ; and at the September Adjourned Term, 1850,—COLLA-MER, J., presiding,—the court dismissed the suit, and allowed costs to the defendants only after the said continuance.

To the decision dismissing the suit, and also allowing the defendants any costs, the plaintiff excepted ; and to the decision restricting the defendants costs to what accrued after the continuance, and not allowing for all the terms, at which the action had been pending, the defendants excepted.

*Washburn & Marsh* for plaintiff.

This is, in substance, an action of *trespass ;* and that is an appropriate form of action, although the statute is recited, for the damages are uncertain, and the wrongful act of the defendants was in its nature a trespass. *Peirce* v. *Spring et al.,* 15 Mass. 489. *Prescott* v. *Tufts,* 4 Mass. 146. It is *not a penal action ;* for the statute merely gave accumulative damages to the party injured. ASHURST, J., in *Woodgate* v. *Knatchbull,* 2 T. R. 155. The jury render their verdict for single damages *only ;* and the court, upon motion, increase the damages to the amount given by the statute. The statute is merely a direction to the court, as to the mode of entering up judgment, after the single damages have been assessed by the jury.

*Lobdell* v. *New Bedford,* 1 Mass. 152. *Clark* v. *Worthington,* 12 Pick. 571. *Beekman* v. *Chalmers,* 1 Cow. 584.

The injury complained of was a trespass *at common law;* and the plaintiff might have sustained his action at common law, without a reference to the statute,—thus waiving his claim to the enhanced damages. And the repeal of the statute only vacates the authority, which the court had, under the statute, to enter up judgment for the increased damages. Under these circumstances, the plaintiff claims, that the reference to the statute, in his declaration, should be treated as surplusage, and he should be allowed to recover his *single damages,* upon this declaration. If the statute had remained in force, he might have *waived* the enhanced damages; and the repeal of the statute merely renders it inoperative upon him to do what before was optional with him. So if he had *recited the statute defectively,* or had otherwise counted, so as to deprive him of his right to have his damages increased, he might still have taken judgment for the *single damages. Bennett* v. *Talbois,* 1 Ld. Raym. 150. *Regina* v. *Wigg,* 2 Ld. Raym. 1163. 2 Cov. & H. Dig. 1312. 1 Com. Dig. 322; action upon Statute C. 1 Kent. 467. *Rex* v. *Robinson,* 2 Burr. 803. Ashurst, J., in *Rex* v. *Harris,* 4 T. R. 205. *Barden* v. *Crocher,* 10 Pick. 383. *Benton* v. *Dale,* 1 Cow. 160. *Brown* v. *Bristol,* 1 Cow. 176. 1 Swift's Dig. 585. *Grant* v. *Astle,* 2 Doug. 731, n.

But if the action must be dismissed, the court erred in allowing to the defendants *costs.* Costs are not given at comon law;—1 Ld. Raym. 150, n; 2 Inst. 288, 289;—and are allowed in this state only upon the trial of an *issue of fact,* or *law,* going to the merits of the suit, or where the plaintiff becomes nonsuit, or *the suit is* abated, or dismissed, for want of jurisdiction. Rev. St. c. 25, § 33. *Barlow* v. *Burr,* 1 Vt. 488. The special provision, made by the statute for the latter cases, *negates* the intent of the legislature, that costs should be allowed, when a suit is determined in any other mode. If determined by the death of the party, costs are not allowed.

*Tracy, Converse & Barrett* for defendants.

The motion to dismiss is based on the rule of law, that no judgment can be rendered, penalty enforced, nor punishment inflicted,

for violations of the law, committed while it was in force, unless some special provision be made for that purpose by statute. *Yeaton et al.* v. *U. States,* 5 Cranch 281, [2 U. S. Cond. R. 256.] *United States* v. *Preston,* 3 Pet. 66. 1 N. H. 61. 6 Cranch 329. Ib. 203. The same doctrine was held by the supreme court in Orange Co., in an indictment under the law regulating pedler's license. *State* v. *Abbott.*

This is a suit to recover a *forfeiture,* not damages. It is no action known to the law, for enforcing a common law right. 5 Cow. 678. It is grounded upon the statute and counts upon it expressly. It claims to recover only by virtue of the statute, and to recover the forfeiture, *in solido,* provided by the statute. It is not *assumpsit, debt, trespass, trover, or case,* but a special action founded upon the statute of 1840. It is not the same nor like suits to recover damages, in which, in the given case, the statute gives the right to *double,* triple, or other multiplied damages, to be moved for at the option of the party and multiplied by the court. In the latter class of cases suit is brought in common form, and, on verdict for single damages, the multiplication is moved for. In the case in hand the plaintiff would not be able to recover the forfeiture, under the statute, by a declaration in common law form of trespass or case.

The defendants claim costs for all the terms the case was pending in the county court. Independently of statute, the rule governing a defendant's right to costs is, that, if he prevail, he is entitled to the same as the plaintiff would have been, had the plaintiff prevailed. 3 Bl. Com. 399. This is the result of English statutes and practice, which has become the law of this state, except in cases of specific regulation by our own statute. The rule of the civil law, as cited by Blackstone, " *victus victori in expensis condemnandus est,*" is to the same effect and of *equal* operation. 4 Mass. 659.

There is no statute of this state varying this rule, as applicable to this case. Sec. 33, chap. 25 of the Rev. St. is entirely consistent with this rule ; and, instead of creating the *right* to costs in the cases named, was designed to place the jurisdiction of the court to award costs in such cases beyond question. The statute, providing for discretion to be exercised by the court in cases where the defendant pleads bankruptcy, raises the inference directly, that costs were to be allowed to defendants in such cases, as matter of legal

right, until the statute clothed the courts with power over the matter.

The form, in which the want of right in the plaintiff to recover is presented, cannot vary the defendant's right to his costs. If the suit had gone on to trial, on the general issue, no judgment could have been rendered on the verdict of guilty. Judgment must have been for the defendant; and it would have been the duty of the court to take notice of the defect of right in the plaintiff. The defendant might have demurred, and judgment must have been for the defendant. In either case costs would have been taxable for defendant. The proceeding by motion arrives at the same result more directly, and upon it the defendant prevails. Why is he not entitled to his costs?

The opinion of the court was delivered by

REDFIELD, J. It seems to be admitted, in the present case, that the action, as a penal action, perished with the repeal of the statute. The plaintiff now seeks to uphold the declaration, as one in simple trespass. This we should be inclined to do, if it could be done without resorting to a degree of refinement, which would savor of puerility. We have looked into the cases cited by counsel upon this point, with a sincere desire to find some justification for upholding the action.

*Prescott* v. *Tufts*, 4 Mass. 146, was trespass in two counts, one in common form, and one claiming treble damages, under a provincial statute. The defendant moved in arrest of judgment for a misjoinder; the plaintiff struck out his count upon the statute, and took judgment upon the other, and the court held, that well enough. *Pierce* v. *Spring*, 15 Mass. 489, is cited for the same purpose. We understand this case to hold, that trespass is the proper form of action on such a statute, as is held in *Prescott* v. *Tufts*. This we have no doubt is sound law. But in this class of cases the statute only affects the damages. It does not profess to do more. But in all the cases cited at the bar, in Massachusetts and New York, upon similar statutes, it is held, that the treble damages cannot be recovered, except by counting upon the statute.

What is the form of the verdict does not seem to us important. We know the Massachusetts practice is in those cases, when stat-

utes give multiplied damages, even to the party aggrieved, to take a verdict for the single value, and enter up judgment for the penal measure of damages. It must be indifferent, as to the form of doing the thing. And so it is held in the case cited from 1 Gallison C. C. R. 26, *Cross* v. *United States*. But on a general verdict, it is there said, it will be intended it was for the accumulated damages given by statute. I think this is the general current of the cases, and the general course of practice in similar cases, out of Massachusetts. But in *Beekman* v. *Chalmers*, 1 Cow. 589, it was held sufficient for the jury to assess *single* damages. But in *Livingston* v. *Platner*, Ib. 175, it was held, the court would intend, on a general verdict, that the full damages, to which the party was entitled, were assessed. But we do not consider this point important to the determination of the case.

The present case seems to us of a different character. It seems more like an action of case upon the statute, than trespass; and if the statute had provided, that the action should be debt, we do not think there would be more difficulty in so calling this count, than in other cases, where that has been done. The action is in fact an action on the statute merely, from beginning to end. It is upon the statute and nothing else. And to now allow the count to stand, as and for a mere count in trespass, is doing violence to language, and to every purpose of the original intention of the plaintiff, or his attorney.

The statute gives a new and distinct redress, for a particular offence, which redress, or remedy, was of a highly penal character, and the action is merely a proceeding to punish the defendants for an offence, and at the same time to give the plaintiff his redress, in a way and manner wholly unknown before the statute. The legislature, by repealing the statute without any saving of actions pending, have really let the action fall; and now we are asked to convert it into a simple action of trespass. We might, as well, convert it into any thing else, which it was convenient for the plaintiff now to set up.

The case has been very ingeniously presented, and we have no doubt the cases cited are those, which would best subserve the purpose. But they do not seem to us to justify any such course. *Ben-*

XXIII. 55

*nett* v. *Tobias*, 1 Ld. Raym. 150, only decides, that the court will, in a declaration, refer the conclusion *contra forman statuti*, to that portion of the declaration, to which, in law, it is applicable, although in some sense at the expense of the more obvious grammatical relations. *Regina* v. *Wigg*, 2 Ld. Raym. 1163, only decides, that when an act is an offence at common law, and a statute superadds penalties, it is still indictable at common law, and the conclusion *contra forman statuti* may be rejected. That may, or may not, be law. But we should think, this plaintiff might have sued in common form, in trespass, notwithstanding the statute. But under this declaration, we think he must have made out a case within the statute, or the defendant must have recovered. Treating it as a common declaration in trespass, the stopping the logs *in the river* is not material; but as an offence under the statute, it is essential. If the plaintiff had failed to make out his case under the statute, he could not have claimed a verdict for single damages, on the ground, that he had made out a case of trespass to his logs somewhere in the mountains of New Hampshire. The penal action is local; but could the plaintiff, in this case, claim to recover for some trespass committed out of the state? We think not.

We think, the decision as to costs was equitable and just. And we do not understand, that the matter of costs is one, upon which courts have no discretion. We understand, in all cases, it is discretionary, to some extent, in what form, and to what extent, to tax costs. In the English courts this subject is managed far more equitably and justly than with us. Costs are only given to the party prevailing, upon such issues as he prevails upon; and upon those where he fails, he pays costs. It ought to be so here, and we see no reason, why it should not be so. And in this case the plaintiff really prevailed, until the term, at which the motion to dismiss was interposed.

And in all cases, where the defendant interposes a plea *puis darrien continuance*, and proceeds upon that alone, he only takes cost from the time of plea pleaded,—according to the English practice, and as was held in Orange county two years since, by this court.                    Judgment affirmed.